**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN DANIEL RITZ,

    Defendant-Appellant.

No. 97-5034

(D.C. No. 96-CR-156-K)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before BALDOCK, LOGAN, and EBEL, Circuit Judges.

A jury convicted Defendant John Daniel Ritz on one-count of conspiracy to obtain a controlled substance by fraud, in violation of 21 U.S.C. §§ 843(a) and 846. Defendant was sentenced to three years probation. This direct appeal followed. In his appeal Defendant asserts that the evidence was insufficient to establish a criminal conspiracy. Our jurisdiction to review Defendant's claim arises under 28 U.S.C. § 1291 and Fed. R. App. P. 4(b).

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

When we consider a challenge to the sufficiency of the evidence, we review the entire record in the light most favorable to the government to determine whether the evidence is such that any reasonable jury could find the defendant guilty beyond a reasonable doubt.  United States v. Edwards, 69 F.3d 419, 430 (10th Cir. 1995).  Applying this standard, we affirm.

In order to prove that Defendant was guilty of conspiracy, the government was required to establish: "(1) [an] agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged co-conspirators." United States v. Johnson, 12 F.3d 1540, 1545 (10th Cir. 1993).  The government must show that Defendant had a "general awareness of both the scope and objective" of the conspiracy, United States v. Evans, 970 F.2d 663, 670 (10th Cir. 1992), and that there was a "meeting of the minds" between co-conspirators regarding the purpose and scope of the conspiracy. United States v. Anderson, 981 F.2d 1560, 1563 (10th Cir. 1992).

In the instant case, the evidence presented at trial was sufficient to establish the elements of a conspiracy.  The evidence indicated that in 1986 Defendant became a patient of Dr. James Loerke, an unindicted co-conspirator in this case.  Dr. Loerke testified that in 1989, when Defendant's insurance expired, Defendant began obtaining medical services from him in exchange for remodeling and repair work performed by Defendant on the doctor's house and offices.  According to Dr. Loerke's testimony,  his

2

doctor/patient relationship with Defendant changed in 1991. The Defendant, injured and

unable to work, began receiving prescriptions for controlled substances from Dr. Loerke

for cash or in exchange for procuring other individuals to perform work for the doctor.

As part of this arrangement, Defendant provided Dr. Loerke with a weekly list of

prescriptions he wanted and Dr. Loerke would write the prescriptions for Defendant. In

order to avoid detection of this scheme, Defendant suggested that Dr. Loerke write the

prescriptions not only in Defendant's name but in the names of his family members and

close associates. Dr. Loerke testified that only 60-70% of the prescriptions written for

Defendant over the years were medically necessary, and that Defendant gave away or sold

the remainder. We conclude that based on this evidence, a reasonable jury could find that

Defendant conspired to obtain controlled substances by fraud.[1] Thus, the district court

---

[1]Defendant also argues that the existence of a master-servant relationship between himself and Dr. Loerke precludes, as a matter of law, a finding of criminal conspiracy. In doing so, Defendant attempts to equate his relationship with Dr. Loerke with that of a buyer and seller of controlled substances in order to fall within the scope of our "buyer-seller" rule. This narrow rule applies where a defendant, charged with conspiring to distribute drugs, is nothing more than a consumer or end user. In such cases, we have held that a buyer who does not plan to redistribute the drugs cannot be convicted of conspiracy to <u>distribute</u> controlled substances because he does not share in the objective of the conspiracy, i.e., to distribute controlled substances. <u>United States v. Ivy</u>, 83 F.3d 1266, 1286 (10th Cir. 1996). The rule does not apply here, however, because Defendant was convicted of conspiring to <u>obtain</u> controlled substances. Indeed, even if the rule could be applied in this context, the evidence presented at trial shows that Defendant was more than a casual consumer because he distributed controlled substances to other users. Thus, Defendant's conduct does not fall within the reach of the "buyer-seller" rule.

properly denied Defendant's motion for judgment of acquittal. Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge